**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| GTAS ASSET SOLUTIONS, LLC., : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> AFRICAN METHODIST : <br> EPISCOPAL CHURCH, INC., *et al.*, : <br> Defendants. : <br> : <br> : | CIVIL ACTION NO. <br> 1:11-CV-1148-RWS |

**<u>ORDER</u>**

This case comes before the Court on Defendant African Methodist Episcopal Church, Inc.'s ("AME") Motion to Dismiss Counts 4 and 5, or Alternatively, Motion for More Definite Statement [14]. After a review of the record, the Court enters the following Order.

Plaintiff GTAS Asset Solutions, LLC ("GTAS") filed this action on April 4, 2011, asserting that Defendants Morris Brown College ("Morris Brown") and the AME Church conspired to "shield Morris Brown's assets from legitimate creditors, including Plaintiff." Cmpl., Dkt. No. [1] at ¶ 10. AME has now moved to dismiss Counts 4 and 5 (fraud and civil conspiracy) on the grounds

that these fraud-based claims do not satisfy Rule 9(b)'s more stringent pleading standard and fail to state a claim under 12(b)(6). Dkt. No. [14].

### A. Legal Standard

Complaints that allege fraud must meet the heightened pleading standards of Federal Rule of Civil Procedure 9(b), which requires that in alleging fraud the circumstances constituting fraud must be stated with particularity. "Rule 9(b) may be satisfied if the complaint sets forth: (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997). Or, 9(b) may be satisfied via "alternative means" if the complaint can be "read together with other documents in the record" to establish sufficient notice of the fraud. U.S. ex rel. Clausen v. Lab. Corp. of Am., 290 F.3d 1301, 1310 n.18 (11th Cir. 2002).

2

**B. Discussion**

As an initial matter, in its Response Brief, Plaintiff has abandoned all fraudulent-misrepresentation allegations and states that its fraud claim is solely based upon AME's failure "to disclose its intent to acquire the 2005 Capital Notes, or that it had acquired the 2005 Capital Notes in April 2006" during negotiations held between March and August 2006. Pl.'s Opp., Dkt. No. [29] at 10. However, even limiting Plaintiff's fraud claim to just that omission, Plaintiff has not satisfied this Circuit's Rule 9(b) pleading requirements.

Plaintiff admits "[t]he Complaint does not specify the place of AME's omission; nor does it identify a specific person who failed to disclose AME's acquisition of the 2005 Capital Notes." Pl.'s Opp., Dkt. No. [29]. But Plaintiff argues that this failure is not critical and cites to three district courts of other circuits for the proposition that fraud pleading standards as to place and person should be relaxed for an omission claim. See id. at 13.

While that may be true in other circuits, the Eleventh Circuit requires the Plaintiff to plead both the place of the omission and the alleged actor unless there are additional documents in the record which, along with the complaint, provide sufficient notice of the fraud. See Brooks v. Blue Cross & Blue Shield

3

of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997) (expressly including omissions in its time, place, and person fraud-pleading requirements); Durham v. Business Management Associates, 847 F.2d 1505, 1512 (11th Cir. 1988) (finding that "alternative means" was satisfied when plaintiff produced affidavits which provided the title, sender, and date of a specific letter received along with a representation that the affiant received additional letters by mail for the purpose of proving mail usage to substantiate RICO). Here, Plaintiff has not pointed to any additional documents in the record that remedy its pleading defects as to person or place. Thus, Plaintiff must satisfy the Brooks standard. See Thomas v. Pentagon Fed. Credit Union, 393 F. App'x 635, 638 (11th Cir. 2010) (finding that a plaintiff's failure to plead, *inter alia*, the place of the alleged omission as well as the person responsible for making it warranted dismissal of the fraud claim). Plaintiff has not plead the appropriate facts to satisfy that standard.

In its motion, AME seeks dismissal of Counts 4 and 5, or alternatively, a more definite statement.  The Court will not dismiss the claims at this time, but will afford Plaintiff an opportunity to address the shortcomings of the pleadings

4

by filing an amended complaint providing a more definite statement of its claims in Counts 4 and 5.[1]

### C. Conclusion

Defendant AME's Motion to Dismiss [14-1] is **DENIED**, with a right to refile after Plaintiff files an amended complaint. Defendant AME's Motion for More Definite Statement [14-2] is **GRANTED**. Plaintiff may file an amended complaint as to Counts 4 and 5 within 21 days of the entry of this Order.

**SO ORDERED**, this _12th_ day of January, 2012.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

---

[1] The Court declines to decide the issue on Rule 12(b)(6) grounds as AME only cited the federal-securities-law duty-to-disclose standard and not the Georgia standard for fraudulent concealment which would apply to this state-law fraud claim. Compare Def.'s Reply, Dkt. No. [30] at 6 (citing Ziemba v. Cascade Int'l Inc., 256 F.3d 1194, 1206 (11th Cir. 2001) (articulating the duty to disclose under 15 U.S.C. § 78(j) and 17 C.F.R. § 240.10b-5)), with Infrasource, Inc. v. Hahn Yalena Corp., 613 S.E.2d 144, 146-47 (Ga. Ct. App. 2005) (establishing what circumstances establish a duty to disclose under Georgia law).

5